UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**ROXANE LABORATORIES, INC.,**

      **Plaintiff,**

      **v.**

**CAMBER PHARMACEUTICALS, INC.,**
et al.,

      **Defendants.**

Case No. 2:14-cv-232
JUDGE GREGORY L. FROST
Magistrate Judge Terence P. Kemp

## OPINION AND ORDER

This matter is before the Court for consideration of a combined motion to dismiss or transfer filed by Defendants InvaGen Pharmaceuticals, Inc. and Camber Pharmaceuticals, Inc. (ECF No. 28), a memorandum in opposition filed by Plaintiff, Roxane Laboratories, Inc. (ECF No. 32), and a reply memorandum filed by Defendants (ECF No. 38).  For the reasons that follow, the Court finds the motion only partially well taken and transfers the case to the United States District Court for the District of New Jersey.

### I.  Background

This is a patent infringement action in which the patent-holder plaintiff, Roxane Laboratories, Inc., claims infringement of a drug patent by Defendants InvaGen Pharmaceuticals, Inc. and Camber Pharmaceuticals, Inc.  Plaintiff is an Ohio corporation with its principal place of business in Columbus, Ohio.  Defendant InvaGen Pharmaceuticals, Inc. is a New York corporation with its principal place of business in Hauppauge, New York, and Defendant

Camber Pharmaceuticals, Inc. is a Delaware corporation with its principal place of business in Piscataway, New Jersey.

Plaintiff filed its complaint on March 4, 2014, 2010, asserting one count of patent infringement. (ECF No. 1.) The parties soon thereafter engaged in motions practice, with Defendants eventually filing a combined motion to dismiss or transfer pursuant to Federal Rules of Civil Procedure 12(b)(2), 12(b)(3), and 12(b)(6) and 28 U.S.C. § 1404(a). (ECF No. 28.) The parties have completed briefing on the combined motion, which is ripe for disposition.

## II. Discussion

Defendant InvaGen Pharmaceuticals, Inc. seeks to dismiss this action under Federal Rule of Civil Procedure 12(b)(2) for lack of personal jurisdiction and under Rule 12(b)(3) for improper venue. InvaGen Pharmaceuticals, Inc. also joins Defendant Camber Pharmaceuticals, Inc. in seeking to obtain dismissal under Rule 12(b)(6) for failure to state a claim upon which this Court can grant relief. Most important for present purposes, however, is that Defendants alternatively and jointly request that this Court effectuate a transfer of venue to the United States District Court for the District of New Jersey under 28 U.S.C. § 1404(a).

Section 1404(a) provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). A district court has discretion whether to transfer venue. *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508 (1947). The exercise of this discretion involves evaluating "both the convenience of the parties and various public-interest considerations," which means that, "[o]rdinarily, the district court . . . weigh[s] the relevant

factors and decide[s] whether, on balance, a transfer would serve 'the convenience of parties and witnesses' and otherwise promote 'the interest of justice.' " *Atlantic Marine Constr. Co., Inc. v. U.S. Dist. Court for the Western Dist. of Texas*, 134 S. Ct. 568, 581 (2013).

Thus, as the Sixth Circuit has explained, a district court deciding whether to transfer a case "should consider the private interests of the parties, including their convenience and the convenience of potential witnesses, as well as other public-interest concerns, such as systemic integrity and fairness, which come under the rubric of 'interests of justice.' " *Moses v. Bus. Card Express, Inc.*, 929 F.2d 1131, 1137 (6th Cir. 1991). *See also Atlantic Marine Constr. Co., Inc.*, 134 S. Ct. at 581 n.6. Private interest factors of the parties include " 'the relative ease of access to sources of proof; availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of willing, witnesses; . . . and all other practical problems that make trial of a case easy, expeditious and inexpensive.' " *Hanning v. New England Mut. Life Ins. Co.*, 710 F. Supp. 213, 214 (S.D. Ohio 1989). Public interest factors include:

> (1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflicts of laws or in the application of foreign law.

*B.E. Tech., LLC v. Sony Computer Entm't Am. LLC*, Nos. 2:12-cv-02826-JPM-tmp, 2:12-cv-02827-JPM-tmp, & 2:12-cv-02828-JPM-tmp, 2013 WL 3804030, at *4 (W.D. Tenn. July 19, 2013) (quoting *In re Acer Am. Corp.,* 626 F.3d 1252, 1254 (Fed. Cir. 2010)).

Although "[t]here is no definitive formula or comprehensive test for determining the issue of convenience," courts have generally looked at the foregoing factors and related interests, including:

> (1) convenience of the witnesses; (2) availability of judicial process to compel the attendance of unwilling or uncooperative witnesses; (3) location of the relevant documents or records, and the relative ease of access to sources of proof; (4) residence and convenience of the parties; (5) relative financial means and resources of the parties; (6) locus of the operative facts and events that gave rise to the dispute or lawsuit; (7) each judicial forum's familiarity with the governing law; (8) the deference and weight accorded to the plaintiff's choice of forum; and (9) trial efficiency, fairness, and the interests of justice based on the totality of the circumstances.

*Mardini v. Presidio Developers, LLC*, No. 3:08-CV-291, 2011 WL 111245, at *6-7 (E.D. Tenn. Jan. 13, 2011) (quoting *Mullins v. ADB Logistics, Inc.*, No. 1:09–cv–160, 2009 WL 2406408, at *2–3 (E.D. Tenn. July 31, 2009) (citations omitted)).  As the movants, Defendants bear the burden of demonstrating that the balance of the factors strongly favors transfer.  *Id.* (quoting *Gilbert*, 330 U.S. at 508).

Transfer is wholly inappropriate if it merely shifts the burden of inconvenience.  *See Reed Elsevier, Inc. v. Innovator Corp.*, 105 F. Supp. 2d 816, 821-22 (S.D. Ohio 2000).  There is thus a strong presumption in favor of a plaintiff's choice of forum that "may be overcome only when the private and public interest factors clearly point towards trial in the alternative forum." *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 255 (1981).  *See Trustar Funding v. Mruczynski*, No. 1:09-cv-01747-CAB, 2010 WL 1539759, at *10 (N.D. Ohio Mar. 30, 2010) (" 'Plaintiff's choice of forum should be given 'great' or 'substantial' weight when considering whether to transfer a case under § 1404(a).' " (quoting *U.S. v. Cinemark USA, Inc.*, 66 F. Supp. 2d, 881, 888 (N.D. Ohio 1987))).  A plaintiff's choice of forum is given little weight, however, " 'where none of the conduct complained of occurred in the forum selected by the plaintiff.' " *Keybanc Capital Markets v. Alpine Biomed Corp.*, No. 1:07 CV 1227, 2008 WL 828080, at *7 (N.D. Ohio Mar.

4

26, 2008) (quoting *Edmison v. Vision Inv. & Dev., LLC*, No. 1:06 CV 1108, 2006 WL 3825149, at *5 (N.D. Ohio Dec. 26, 2006)).

Cognizant of the foregoing considerations and assuming for the sake of argument that venue is appropriate in this District, the Court concludes that transfer is appropriate.  There is no dispute that Plaintiff could have brought this action in the District of New Jersey.  The Court therefore moves directly to the case-specific factors of the transfer analysis.

The Court finds that the location of the complained-of activity weighs in favor of transfer.  Defendants assert through affidavit that its operations and all employees are located in New Jersey or in close proximity in New York.  All documentary evidence relating to the marketing, sales, and revenue related to the accused product is similarly located in New Jersey or New York.  In addition, the accused product was designed and developed in New Jersey, not in Ohio.

Although, as noted above, a plaintiff's choice of forum is usually awarded qualified deference, that is but one factor in the analysis and is not alone dispositive.  *Lewis v. ACB Bus. Servs., Inc.*, 135 F.3d 389, 413 (6th Cir. 1998).  This Court is also cognizant that a plaintiff's choice of forum is given less weight where none of the complained-of activity occurred in the plaintiff's choice of forum.  *Keybanc Capital Markets*, 2008 WL 828080, at *7.  Accordingly, the Court finds that although Plaintiff's choice of forum obviously weighs in Plaintiff's favor, the undisputed fact that the majority of the complained-of conduct occurred in the other forum weighs in favor of transfer.

In reviewing the key factors of the location of sources of proof, the convenience of witnesses, and judicial economy, the Court finds that the majority of these factors weigh in favor

of transfer. Defendants assert through affidavit that all documents, employees, and any evidence to be produced regarding the accused product are located in or near New Jersey. Plaintiff understandably points out that many of its witnesses and documents are located in Ohio and that transfer would shift the inconvenience to Plaintiff, but this argument ultimately fails to persuade. The greater inconvenience to the case as a whole, not specifically to any party, is what matters, and that inconvenience here arises from litigating the case in Ohio as opposed to where most if not all of the most material witnesses and documents exist, which is New Jersey and the surrounding area. *See KANL, LLC v. Savage Sports Corp.*, No. 3:13-CV-265-TAV-CCS, 2014 WL 1745443, at *4 (E.D. Tenn. Apr. 30, 2014) (explaining that a § 1404(a) transfer must render the litigation more convenient as a whole).

This is an important factor that bears emphasis. The Court recognizes that it generally disfavors transfer of a case unless strong circumstances compel the transfer. Additionally, the Court concedes that it is inherently disinclined to transfer a patent case in particular given that perhaps few judges would welcome such a case with appreciation. But this Court is also cognizant that "the convenience of witnesses is the most important factor to be considered in transferring venue." *Industrial Quick Search, Inc. v. Google, Inc.*, No. 1:13-cv-770, 2014 WL 1846886, at *1 (W.D. Mich. May 8, 2014). The further from home a witness must travel, the greater the inconvenience to that witness and to their employer. *See In re Nintendo Co., Ltd.*, 589 F.3d 1194, 1199 (Fed. Cir. 2009).

Moreover, " 'in patent suits, the forum which is the center of the accused activity is the preferred forum.' " *Id.* (quoting *Steelcase, Inc. v. Smart Techs., Inc.*, 336 F. Supp. 2d 714, 720 (W.D. Mich. 2004). Another judicial officer in this Circuit explained why, noting that

> "[i]n a patent infringement case, practicality and convenience are best served when it is prosecuted where the alleged acts of infringement occurred and the defendant has a regular and established place of business so as to facilitate the production and investigation of books, records and other data necessary to the trial techniques employed in the patent field."

*William M. Yarbrough Found. v. Garcoa Laboratories, Inc.*, No. 1:11-CV-907, 2013 WL 4068176, at *4 (W.D. Mich. Aug. 12, 2013) (quoting *Addiction & Detoxification Inst. v. Rapid Drug Detox Ctr.*, No. 11–cv–792, 2013 WL 951115, at *3 (N.D. Ill. Mar.11, 2013)).

Also related to the convenience of the parties is the difference in the size of the companies involved. InvaGen Pharmaceuticals, Inc. has approximately 386 employees, Camber Pharmaceuticals, Inc. has approximately 55 employees, and Roxane Laboratories, Inc. has approximately 1,200 employees. A vast difference in the size and scale of the parties' operations informs the issue of any inconvenience that transfer would cause. *See William M. Yarbrough Found.*, 2013 WL 4068176, at *4.

Accordingly, the Court finds that the sources of proof, the convenience of the majority of the likely and most material witnesses, and the location of where the relevant conduct occurred weigh in favor of transfer. The factor of judicial economy, however, does not weigh in favor of or against transfer here.

All of the parties devote a portion of their briefing to debating which federal court is busiest and which court could dispose of this case more promptly, but the data they present to this Court is of little value in that it amounts to argument by speculation. *See KANL, LLC*, 2014 WL 1745443, at *5 ("The Court finds that [the] argument for judicial efficiency is speculative and does not account for several factors that may affect the judicial process."). As a general matter, the data presented is not patent-case specific. But of greater significance is that the data

is of little relevance given the individual nature of this case. *See id.* (" '[C]ase-disposition statistics may not always tell the whole story.' " (quoting *In re Genentech, Inc.*, 566 F.3d 1338, 1347 (Fed. Cir. 2009))).

In other words, the typical time until disposition of a civil case in each possible venue does little to inform this action, especially in light of the fact that Plaintiff has now filed for a preliminary injunction that will necessarily expedite matters and place the case far outside the typical track toward disposition, regardless of in which court the case resides. Consideration of the injunctive relief motion will necessitate determining a likelihood of success on the merits, which will in turn necessitate expediting claim construction. Thus, in part as a result of Plaintiff's election to seek immediate consideration of the merits, the current posture of this case renders the judicial economy factor of little value in the transfer decision with perhaps one caveat. There is no personal jurisdiction dispute regarding InvaGen Pharmaceuticals, Inc. in the New Jersey forum, as opposed to the dispute surrounding the exercise of such jurisdiction in this Ohio venue. This Court regards this point of limited to little weight, however, given that the need or lack thereof to engage in personal jurisdiction analysis–or any type of work, for that matter–should never control a transfer decision.

Other public interest concerns such as systemic integrity and fairness also largely neither favor nor disfavor transfer under the totality of the circumstances presented here. Because both forums are equally capable of adjudicating federal patent law claims, litigating in either federal venue would generally further the interests of justice in regard to these factors. *See William M. Yarbrough Found.*, 2013 WL 4068176, at *7. There is some limited support for transfer, however, in the fact that Defendants reside in the District of New Jersey. When a patent

infringement case calls into question the work and reputation of individuals residing in a particular district, the local interest factor weighs in favor of transfer to that district. *Id.* at *8 ("Because this patent infringement action calls into question the work and reputation of individuals residing in the Central District of California, this factor weighs in favor of transfer to that district.").

In light of the foregoing, the greater weight of the private and public interest factors favors transfer. The most significant factor weighing against transfer is Plaintiff's choice of forum. But all of the likely sources of proof are in New Jersey or the surrounding area. And although this is not a numbers game in which the party with the greater number of witnesses prevails on the transfer issue, it is notable that the majority of the material witnesses are in New Jersey or the surrounding area. There is also some qualified support under the local interest factor for transfer. Judicial economy neither favors nor disfavors transfer because the current posture of the litigation necessitates expedited proceedings, which negates any possible inference that could be culled from statistics that are inherently largely inapplicable to this case. Having found the balance of factors to weigh in favor of transfer, the Court in the interest of justice concludes that transfer is appropriate.

### III. Conclusion

For the foregoing reasons, the Court **GRANTS** Defendants' motion to transfer and **TRANSFERS** the case to the United States District Court for the District of New Jersey. (ECF No. 28.) Consequently, the Court **DENIES AS MOOT** Defendants' motion to dismiss pursuant to Rule 12(b)(2), **DENIES AS MOOT** Defendants' motion to dismiss pursuant to Rule 12(b)(3), and declines to address Defendants' motion to dismiss pursuant to Rule 12(b)(6). (ECF No. 28.)

This remaining component of the combined motion (ECF No. 28) and the remaining pending motions (ECF Nos. 14, 35, 43) necessarily remain for disposition by the transferee court.  The Clerk shall therefore transfer this case to the United States District Court for the District of New Jersey.

    **IT IS SO ORDERED**.

                                           /s/ Gregory L. Frost
                                           GREGORY L. FROST
                                           UNITED STATES DISTRICT JUDGE